## KURZ V. HOLBROOK et al.

1. PLEADING USURY. Usury may be set up in an answer by allegations of facts showing that illegal interest has been contracted for, without being pleaded in express terms.
2. PROMISSORY NOTE: INDORSEMENT. The indorsement of a promissory note after maturity carries with it all equities between the parties.

*Appeal from Dubuque City Court.*

MONDAY, OCTOBER 13.

THE facts will be found in the opinion of the court.

*Bissell & Shiras* for appellant.

*Poor, Adams & Cram* for appellee.

BALDWIN, C. J. — Holbrook, one of the respondents, purchased a lot in the city of Dubuque of Joseph and Franz J. Jaeggi, and gave back a mortgage to secure the purchase-money.

Upon the first of March, 1857, the interest and $100 of the principal was paid, leaving the balance due, $700. The parties then agreed to extend the time of payment one year, the defendant agreeing to pay 20 per cent interest. The lot was purchased for the Congregational Society of Dubuque, and the trustees thereof gave to Jaeggi their note for $70, the extra interest. The extension expired, and the interest and extra interest was not paid. Another extension was then agreed upon for one year, at twenty-five per cent interest, and the trustees again gave their note for $228, the same including the extra interest for two years, and some $22 received by them besides the interest.

On the 22d February, 1859, one Amsden, in behalf of the trustees, paid to the said Jaeggi $375, lifting the $228 note, and having a credit of $147 indorsed on the principal. On the first day of March, 1860, the further sum of $70 was paid by the said trustees, and this amount indorsed upon

the note. Afterwards the note and mortgage was assigned to plaintiff, who brought this action of foreclosure.

It is conceded that the lot was purchased by the respondent Holbrook, for the use of the Congregational Society of Dubuque, and that this association is the party at interest in this proceeding. The defendants set up in their answer the payments under the several agreements, of the extra interest, and claim that it should be credited upon the principal sum. The complainant claims that he was not a party to any usurious contract; that the defendants have failed to plead usury; and that the payments that have been made should not be credited upon the note, as such sums were paid in consideration of the extension; and that the court erred in the admission of evidence to show usury, when there was no plea to sustain the same.

Conceding that the court erred in the admission of this evidence, does this help the case so far as the plaintiff is concerned? The answer of defendants sets up these payments, and for what they were made, and this is not replied to. But the answer is, in substance, a plea of usury. It shows that the original payee of the note received a greater interest than the law allowed him to take.

The plaintiff took the note after it became due, and of course subject to all the equities between the original parties. The payments made by the trustees were for the benefit of, and should have been credited to, Holbrook. Independent of this question, as to the admissibility of the evidence objected to, (and we are not prepared to say the court erred in its admission,) the pleadings show plainly that there was an unlawful rate of interest agreed upon. Therefore, whatever payments were made by Holbrook himself, or through the trustees, for him, the law applies them in liquidation of the amount legally due. The court, therefore, did not err in giving the defendant credit for the sums thus paid.

Affirmed.