## Sexton v. Murdock.

1. **Usury**: WHAT WILL CONSTITUTE. To constitute the receiving of more than legal interest, usury, so as to create the forfeiture prescribed by statute, it must have been so received in pursuance of the contract of loan.

2. —— But while the receiving of more than legal interest, if not in pursuance of such contract, would not work the forfeiture provided by the statute, it will be held as a payment to be applied first in discharge of the interest due, and after that on the principal sum.

*Appeal from Winneshiek Circuit Court.*

Monday, June 9.

ACTION upon a promissory note as follows: " $150. Conover, December 2, 1868. " One year after date I promise to pay to the order of John Sexton $150, at Conover, with interest at ten per cent per annum, value received. John Murdock." On the back was indorsed: " Interest paid hereon Dec. 2,

1869, for one year." "This note extended to July 2, '69." "Interest paid to Dec. 2, 1870." Judgment was asked upon the note, and also the foreclosure of a mortgage given to secure its payment. The defendant admitted the execution of the note and mortgage, and pleaded usurious contract to pay 15 per cent interest, and payment thereunder of $22.50 in 1869, and $20 in 1870. Trial to a jury, who found the contract usurious. The plaintiff appeals.

*Baker & Brothers* for the appellant.

*Morse & Brown* for the appellee.

Cole, J.— Upon trial of this action before the court and jury, there was evidence introduced tending to establish that there was a usurious contract and also evidence tending to establish that the contract was only to pay 10 per cent, and that the payment of more than that was wholly voluntary, on the part of the defendant. In view of the conflict in the evidence, a verdict of a jury in support of either hypothesis could not well be interfered with.

The plaintiff asked the court to instruct the jury as follows: " If you find from the evidence that the defendant paid plaintiff interest on the note sued on in this action, and that the interest so paid exceeded the legal rate, such fact would not constitute usury, unless there was an agreement when the contract was made, for the borrower to pay and the lender to receive a rate of interest above the legal rate." The court refused to give this, but gave the following and others like it: "No person shall directly or indirectly receive, in money, goods or property, more than ten per cent per annum, and if a greater rate of interest is received or contracted for, then the plaintiff can only have judgment for the principal sum loaned, without interest, and the court must render judgment against the defendant in favor of the school fund for ten per cent." "4. If you find that over ten per cent per annum was contracted for or received by plaintiff, your verdict will be for plaintiff for

the amount loaned, after deducting the payments, without interest."

There was no conflict whatever in the evidence respecting the amount the defendant had paid as interest on the note; that amount was $22.50 in 1869, and $21 in 1870; aggregating $43.50. The verdict of the jury was for plaintiff for $106.50, thus showing that they found for the defendant on the question of usury.

Our statute provides (Rev., § 1790), that no person shall receive in money, goods or other things, more than the rate fixed. And then the next section (Rev., § 1791), enacts that " if it shall be ascertained, in any suit brought on any contract, that a rate of interest has been *contracted for* greater than is authorized," etc., then the forfeiture shall follow. It follows from the language of the statute, that the bare *receiving* in money or goods more than the legal rate, without any contract therefor, does not work a forfeiture; but since it is illegal so to receive it, the amount thus received will, after paying the legal interest, be applied as a payment on the principal of the debt. But, if an illegal rate of interest is *contracted for*, then the forfeiture prescribed by the statute will follow, whether the illegal interest has been received or not.

Thus, if a person shall borrow of another a thousand dollars for one year at ten per cent, giving his note therefor, and at the end of the year, he shall, for the purpose of retaining its further use, pay the lender twenty per cent and continue to do so for two, three or more years, the receiving of such interest by the lender will not incur the forfeiture, but the amount so received will be applied in the payment of the ten per cent interest and in reducing the principal. But if by the contract of loan the borrower contracted with the lender to pay twenty per cent interest, and shall keep the money for the same length of time, and pay no part of either principal or interest, the forfeiture of the interest and costs will be incurred by the lender, and the ten per cent will have to be paid by the borrower as to the school fund. This is in substance our previous decision. *Kurz* v. *Holbrook et al.*, 13 Iowa, 562; *Smith*,

*Twogood & Co.* v. *Coopers & Clark,* 9 id. 377; *Mallett* v. *Stone,* 17 id. 64; *Burrows & Prettyman* v. *Cook & Sargent,* id. 437, and numerous other cases. The instruction asked should have been given, and those given should have been refused.

Reversed.