FAIRFIELD v. McNANY.

1. **Garnishment**: EVIDENCE. Upon the trial of an issue taken on the answer of a garnishee, the answer is admissible in evidence.

2. **Judgment**. CONCLUSIVENESS OF: VENDOR AND VENDEE. Under section 2621 of the Revision, a judgment on a note given for land for the conveyance of which the plaintiff had given his bond for title, will not bar a subsequent action by the vendee for a breach of the bond existing when the action on the note was brought.

*Appeal from Cerro Gordo District Court.*

THURSDAY, SEPTEMBER 18.

THE appellee and defendant herein was garnished as the supposed debtor to one P. C. Turner. Upon the answer of the garnishee and other evidence, the court found, upon the trial, the following facts : Defendant McNany as part payment for a piece of land, made a note for $137.50 to P. C. Turner dated April 28, 1857, and payable six months after date. On the same day another note was given for said land and a turn

made of about $100, with one Greene. Turner on the same day made to defendant a bond for a deed of said land. The bond acknowledged full payment of consideration and covenants to convey the land on or before the 1st day of January, 1858. The purchase price of the land was $250. That the first of said notes was sued on by Turner and notice personally served on the defendant McNany and judgment was rendered against him upon default October 19, 1858, for $146. An execution was issued on said judgment on November 20, 1858, and there is no evidence of any return thereof. That Turner never conveyed and McNany never received any deed for the land mentioned in the bond. That there has been a breach of the conditions of the bond on Turner's part. It also appears, without any conflict of evidence, that about April 1, 1859, Turner became insolvent and left the State and has not since returned to reside. The court found for defendant and adjudged the plaintiff to pay the costs.

The plaintiff appeals.

*Card & Miller* for the appellant.

*Hartshorn & Flint* for the appellee.

COLE, J. — I. The finding of facts by the court is fully sustained by the evidence. It was not error on the trial of the issue made upon the answer of the garnishee, to admit such answer in evidence, for our statute says (Rev., § 3208), "upon such trial the answer of the garnishee is competent testimony."

II. The judgment by default against the defendant McNany, on the note given in part payment for the land, is no bar to an action by him against Turner upon the bond for title for a breach thereof. Our statute provides (Rev., § 2621): "Judgment obtained in an action by ordinary proceedings shall not be annulled or modified by any order in an action by equitable proceedings, except for a defense which has arisen or been discovered since the judgment was rendered. But such

judgment does not prevent the recovery of any claim, though such claim might have been used by way of set-off, counter-claim or cross-demand in the action on which the judgment was recorded." This section was taken verbatim from the Kentucky Code. See Stant. Ky. Code (ed. 1859), § 14. So was our section 2880 respecting "answer" taken substantially from the Kentucky Code, § 125, id. And it was held by the court of appeals of Kentucky, in 1853, and prior to the adoption here of their statute, that where a defendant permitted a judgment to go against him by default upon a legal demand, he might in a subsequent action set up and rely upon equitable matters which would have constituted an available defense in the first action. *Dorsey* v. *Reese*, 14 B. Monr. 157. Having adopted the statute after it had received this construction, it is just to presume that the legislature intended to adopt the construction also. *Pangborn* v. *Westlake*, 36 Iowa, 546; 7 West. Jur. (Aug. No. 1873). Besides, the language of the statute is so plain and direct that it scarcely admits of any other construction, whether the recovery sought in the subsequent action is legal or equitable.

As to the effect of a recovery at law on a cause of action against which the defendant held a claim available as a defense, upon his right to bring a subsequent action thereon, the authorities are not uniform; some hold that the judgment in the first action is a bar to the subsequent one. *Davis* v. *Talcott*, 13 N. Y. 184; *Yates* v. *Preston*, 41 id. 113, and cases cited. Others hold it no bar. *Sykes* v. *Bonner*, Cin. Sup. Ct. Rep. (1871) 464, and cases cited; *Mondel* v. *Steel*, 8 Mees. & Welsb. 858; *Davis* v. *Hedges*, Law Rep., 6 Q. B. (1871) 687; *Nichols* v. *Tremlette*, 1 Sprague, 361 (*i. e.* 367); see also *Barker* v. *Cleavland*, 19 Mich. 230; *Thornton* v. *Thompson*, 4 Gratt. 421. Our own decisions, while they do not expressly and directly rule the precise point, indicate a decided inclination toward the view that the first judgment is not a bar. *Clark* v. *Sammons & Van Pelt*, 12 Iowa, 368; *Griffin* v. *Seymour*, 15 id. 30; *Delany* v. *Reade*, 4 id. 292; *Griffith, admr.* v. *Lovell et al.*, 26 id. 226.

Since, then, the defendant McNany has a right to maintain an action against Turner for a breach of the bond, the damages on which much exceed the amount of the judgment held by Turner against him, it was not error to adjudge that he need not pay such judgment to the plaintiff, who is only a creditor of Turner's. Even if he was assignee of the judgment, he would have no better right than Turner himself. *Cook & Sargent* v. *Burtis*, 16 Iowa, 194. The defendant McNany, having by way of an independent action a good defense to the enforcement of the judgment by Turner, ought not to be required as garnishee to pay the judgment to his creditor.

Affirmed.