## GERTH v. ENGLER.

1. **Promissory Note**: PAROL TO VARY: INSTANCE. In an action upon a promissory note made by a husband to his wife's father, *held* that it was not competent for the defendant to show that the note was given merely as evidence of an advancement to the wife, and that it was made by the husband because the wife was insane, and the husband received the money in trust for her use and benefit. (*Dickson v. Harris*, 60 Iowa, 727, followed.) BECK, J., not concurring.

*Appeal from Boone Circuit Court.*

WEDNESDAY, JUNE 8.

ACTION upon a promissory note. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*Hull & Whitaker*, for appellant.

*Crooks & Jordan*, for appellee.

BECK, J.—The action is upon a non-negotiable promissory note indorsed to plaintiff. The answer, among other defenses, shows that the note, which was executed to Christian Tish-hauser, the father of defendant's wife, was executed for certain moneys given by the father to the daughter, which was to be considered and treated as an advancement in the settlement of his estate; money having been advanced to other of his children in the same way, and like notes taken, which were not to be repaid in the life-time of the payee, but to be charged to the plaintiff's wife and other heirs, respectively, in the final settlement of the estate of the father, and that, plaintiff's wife being insane, the money was received by defendant in trust for her, and was for her and her children expended and invested, and the note was given by him as evidence of the advancement.

There was evidence introduced on behalf of defendant tending to support this defense, which, on motion of plaintiff, was stricken out, and a verdict rendered for plaintiff. This ruling presents the question of the sufficiency of this defense. We have nothing to do with the evidence further than to determine whether it tends to support the defense. It is not denied that it does; the ground of the motion being that it does not tend to show want of consideration, but tends to contradict and vary the note. The motion is in effect based upon the ground that the answer pleads no sufficient defense to the action. It is not disputed that any defense good against the payee of the note, were it in his hands, may be pleaded in this action.

A majority of the court think the defense was not good, and the evidence therefore was rightly stricken out. They are of the opinion that the parol evidence tended to vary the note, and is therefore incompetent. They think that *Dickson v. Harris*, 60 Iowa, 727, is an analogous case, and establishes the applicability to this case of the familiar rule excluding parol evidence when attempted to be introduced to change a written instrument. In my opinion, the facts

pleaded go to the consideration of the note. The defendant received the money as a trustee of his wife. He received no money in his individual capacity. He is charged personally in this action, but he personally received no consideration.

II. The evidence also goes to the manner of payment of the note. It was to be paid from the wife's share in the estate of her father. It was, indeed, given as evidence of an advancement. Evidence showing the manner of payment of a note does not vary it. See *Ewing v. Folsom,* 67 Iowa, 65.

I am of the opinion that the judgment ought to be reversed; but, the other members of the court being of the contrary opinion, it is                                    AFFIRMED.