DANIEL HEFFNER, Appellant, v. B. S. BROWNELL, Appellee.

1. **Usury**: RENEWAL NOTE. Where one who had assumed the payment of a promissory note in a purchase of real estate gave a new note for a part of the debt thus evidenced, and therein contracted to pay usurious interest, *held*, that in an action upon such renewal note the maker might set up the defense of usury.

2. ———: EVIDENCE. In an action upon a promissory note against a corporation, to which the defense of usury is interposed, the company sought to show by the record of its board of directors that its treasurer was sent to confer with the plaintiff in regard to the indebtedness sued upon, and that by the terms of the agreement made by such officer with the plaintiff, and in pursuance of which the note in suit was made, a usurious rate of interest was contracted for. *Held*, that the evidence was incompetent.

*Appeal from Buchanan District Court.*—HON. C. F. COUCH, Judge.

MONDAY, FEBRUARY 2, 1891.

ACTION upon a promissory note, to which was set up the defense of usury. There was a verdict and judgment for the defendant on the issue of usury, and judgment for the school fund of the county against the defendant for the statutory penalty. Both parties appeal.—*Reversed.*

*Woodard & Cook*, for plaintiff.

*Lake & Harmon*, for defendant.

*H. W. Holman*, County Attorney, for the County.

GRANGER, J.—I. The note in suit is for two hundred dollars, dated July 10, 1884, and signed: "Independence Manufacturing Company. B. S. Brownell, President; D. B. Sanford, Secretary." The note originated about as follows: Prior to 1874, one Guernsey made to the plaintiff a note for three hundred dollars, secured by mortgage on certain

1. USURY: renewal note.

property in Buchanan county. The Independence Manufacturing Company became the owner of the mortgaged property, and through negotiations gave therefor a note dated November 9, 1874, for three hundred dollars, signed as above, besides a certain cash payment. The note in suit was given for an unpaid balance of the last-mentioned note,

If there is usury in the transaction, it had its inception in the contract which gave rise to the three-hundred-dollar note, dated November 9, 1874. It is insisted, however, that under the rule of *Sexton v. Murdock*, 36 Iowa, 516, to taint the transaction with usury it must have been included in the contract that gave rise to the Guernsey note. It is there only held that, to so taint the transaction as to induce a forfeiture, the illegal interest must be "contracted for," but, if the illegal interest is paid without such a contract, forfeiture will not result. It seems to be the thought of the plaintiff that, as the money which is the consideration for the note in suit was loaned to Guernsey when the first note was given, the contract for illegal interest must have been at that time, to affect any of the notes given for the same consideration; but we know of no authority for that view of the case. The contract between these parties had its inception November 9, 1874, when the present makers assumed the debt of Guernsey, and themselves became debtors. If they then contracted to pay illegal interest it constitutes usury. The law provides that a forfeiture shall follow: "If it shall be ascertained in any suit brought on any contract that illegal interest has been contracted for." This is a suit on the contract between these parties and not on the Guernsey contract.

II. One Fonda, being the treasurer of the Independence Manufacturing Company, was sent by the company to Waterloo to confer with the plaintiff, and the conference resulted in the giving of the three-hundred-dollar note of November 9, 1874. It was after the return of Fonda from Waterloo that the transaction was completed by

the giving of the note and the release of the mortgage. It is a matter of controversy in the case whether Fonda, after his return, acted as agent of plaintiff or not. The jury must have found that he did, and we must so regard the fact, for there is evidence to support such a finding.

The records of the manufacturing company contain the following :

"Record of meeting November 5, 1874. Present, all the directors. O. Fonda was appointed a committee of one to arrange with D. Heffner."

"Record of meeting of November 9, 1874. All the directors present. O. Fonda reported agreement with Heffner as follows : Company to pay to said Heffner interest to date at fifteen per cent., five per cent. in advance for one year, and reduce principal to three hundred dollars, making cash payment of sixty-eight dollars and ten cents in all, and give note for three hundred dollars for one year at ten per cent. ; said Heffner to cancel mortgage now standing."

This record was admitted in evidence against the objections of the plaintiff that it was incompetent, immaterial and irrelevant. We regret that we are not favored with the views of counsel as to the competency of such evidence. It is not a record which the plaintiff was in any way a party to, or for which he is in any way responsible. Conceding that when Fonda returned from Waterloo he was authorized by plaintiff to act for him, the company's record of what the agent stated would not be evidence in its favor, and especially so that of the defendant. There is no foundation for its use to impeach or contradict Fonda as a witness, nor does it appear that Fonda, while agent for plaintiff, or the plaintiff, ever had any knowledge of such a record, so that it should in any way affect him or be evidence against him. The record has a forcible bearing on the question of usury, and is surely prejudicial.

As a reversal on plaintiff's appeal has the effect to avoid the judgment against defendant, we need not consider the ground of his appeal. The judgment is REVERSED.