E. C. HOWARD v. C. A. PRATT, Appellant.

**Partnership:** DISSOLUTION CONTRACT: *Validity.* A written agreement of dissolution of a firm, containing full terms of settlement deliberately executed by partners, is binding on them, in the
1   absence of fraud or mistake; especially where the plaintiff brings suit on the contract, and the court considers it, to make an accounting.

RECEIPT IN SETTLEMENT OF SUCH CONTRACT: *When not set aside.* Where a partner receipts to his co-partner for a quantity of goods,
2   in settlement of their contract of dissolution, with full knowledge that there is a shortage in the goods, he cannot have the receipt set aside, or make a claim for the deficiency.

**Appeal:** ABSTRACTS: *Review.* An appeal will not be dismissed on
3   the ground that the appellant's abstract is an abbreviation of the record, if all the material facts are presented.

*Appeal from Sac District Court.*—HON. Z. A. CHURCH, Judge.

MONDAY, FEBRUARY 5, 1900.

PLAINTIFF, suing in equity, alleges that he and defendant entered into a contract of co-partnership, to carry on a farm, and also a mercantile business at Sac City; that each was to put in certain property at its actual cash value, and, to make up a difference against him, plaintiff was to put in a certain amount of cash; that defendant fraudulently overvalued the property by him contributed, and thus compelled plaintiff to pay the sum of one thousand one hundred and sixty-six dollars and sixty-six cents more than he should. In another count it is averred: That while plaintiff and defendant were in partnership they entered into a written agreement with one Strahl that he should open a store at Jolley; Strahl to put in one thousand eight hundred dollars in cash, and plaintiff's firm the same amount in goods; each to own an equal interest. That the firm only furnished one thousand two hundred and forty-five dollars worth of such goods, but this plaintiff was ignorant of the fact, not being familiar with the business, and trusting wholly to defendant. That on April 28, 1896, defendant fraudulently induced plaintiff to dissolve partnership on the following terms, in part: That plaintiff was to give up his interest in the business at Sac City, and take a one-half interest in the store at Jolley; defendant to furnish the goods as agreed. Defendant was to have the stock, bills receivable, and accounts, and was to assume all indebtedness of the old firm. It is charged that defendant failed to put the goods agreed into the Jolley store; that there was a deficiency in the amount furnished of five hundred and fifty-five dollars. In still another branch of the petition, one thousand dollars is claimed as due plaintiff for profits in the Sac City and farming ventures, and an accounting is asked. The prayer of the petition is, in substance as follows: For judgment in the sum of one thousand one hundred and sixty-six dollars and sixty-six cents on account of the false invoice of goods at Sac City; for five hun-

dred and fifty-five dollars on account of goods agreed to be put
in the Jolley store, but never placed there; for one thousand
dollars profits earned by the firm while plaintiff was a mem-
ber. And finally it is prayed that all contracts between the
parties be annulled and set aside. The court rendered a
decree annulling all the contracts, on the ground of fraud,
and rendering judgment in plaintiff's favor for one thousand
five hundred and sixty dollars and costs. Defendant appeals.
—*Reversed.*

*Chas. D. Goldsmith* for appellant.

*M. R. & J. B. McCrary* for appellee.

WATERMAN, J.—It is difficult, if not impossible, to har-
monize the claims made in the petition. While suing on
these contracts, the court is asked to annul them for fraud.
So also with the decree rendered by the trial court. While it
annuls the contracts for fraud, it seems they were considered
as valid by the court for the purpose of making an account-
ing. Taking the pleadings with the evidence, and we are
of opinion that no real complaint is presented as to the
making of the contracts, but only as to a failure to
carry them out. Plaintiff admits that he knowingly
and deliberately entered into the agreement of
co-partnership first made. Both parties unite upon its terms.
All the complaint now made is that defendant did not do as
he agreed. We hardly think the testimony justifies a find-
ing that defendant failed in his obligation; but, however this
may be, on April 28, 1896, there was a written agreement
of dissolution, signed by both parties, and containing full
terms of settlement. There is no charge in the petition of
any fraud or mistake in the making of this instrument. On
the contrary, plaintiff sets it up, and claims something for
its alleged breach. Behind this agreement we are not war-
ranted in going. In the agreement of dissolution it was pro-
vided that plaintiff should take a one-half interest in the
Jolley store, and defendant should furnish to that store

merchandise of the cash value of one thousand eight hundred dollars. We now inquire whether defendant performed his part of this agreement. The evidence as to the value of the goods furnished is in direct conflict. But we think the contention is settled in defendant's favor by plaintiff's acts. The partnership was dissolved on March 9, 1896. The written agreement of dissolution was made on April 28, 1896, and at this time plaintiff admits he knew the goods were not worth the invoice price. On May 1st following, plaintiff receipted to defendant for one thousand eight hundred dollars worth of goods "in full settlement of contract to date of Jolley account and contract." There is no direct charge of fraud or mistake in procuring this receipt. It is said, however, as we have already remarked, that plaintiff was not familiar with mercantile business, and had no knowledge of the value of goods, and left the matter wholly to defendant, confiding in his integrity. If we accept this as a charge of fraud, it does not avail plaintiff; for he is shown to have had prior knowledge of the facts, and furthermore, on June 16, 1896, when the written agreement of April 28th was apparently delivered, the following memorandum was attached thereto, above the signatures of plaintiff and Strahl: "I don't think the goods put in by you are worth one thousand eight hundred dollars at cash price now, but I sign this to keep the peace." If there was a shortage, and, with full knowledge thereof, plaintiff signed the agreement of settlement, or delivered it to defendant, it is too late for him now to have it set aside, or make claim for any deficiency. *Moffit v. Cressler*, 8 Iowa, 122-125.

II. A motion is made to dismiss the appeal and affirm the judgment because "no true abstract has been filed by appellant within thirty days of the second term of this court" after appeal taken. The ground of this motion seems to be that the abstract is not "a transcript," but an abbreviation, of the record. This can hardly-

be said to be a fault, under our rules. Brevity in an abstract is not only a commendable quality, so long as all material matters are presented, but it is expressly enjoined. Rules 21, 22. Appellee filed an additional abstract, and made no specific denial of the correctness of the one now assailed. The motion is overruled.

The trial court should have dismissed the petition with costs.—REVERSED.

GRANGER, C. J., not sitting.