J. B. JONES, Appellant, v. J. C. WITOUSEK & Co., *et al.*

**Failure to Plead Successful Defense as Counter Claim:** ADJUDICA-
    TION.  Code, section 3440, provides that a judgment shall not
    prevent the recovery of any claim, though such claim might
    have been used by way of counter claim in the action in which
    judgment was recovered.  J. sued defendant in 1898 on defend-
    ant's guarantee that a heating apparatus constructed in J.'s
    house by defendant would give satisfaction; and defendant
    pleaded in bar that in 1897 he sued J. in a justice's court for a
    balance due on the price of the apparatus, and that J. set up
    the breach of guaranty, and that, on appeal to the district court,
    J. had judgment.  *Held*, that the judgment of the district court
    (no counter claim having been pleaded) was not a bar to the
    action for damages for breach of guaranty since J. was not
    obliged to plead the counter claim in the former action.

CONSOLIDATION:  Code, section 3644, provides that when two or
    more actions are pending in the same court, which might be
    joined, the defendant may, on motion, require the plaintiff to
    show cause why the same shall not be consolidated.  Defend-
    ant sued J. in a justice's court for a balance due on the price of
    a heating apparatus, and J. defended by setting up a breach
    of guaranty, and brought an independent action for such breach.
    *Held*, that the failure of J. to move to cosolidate the action
    did not constitute a bar to the maintenance of his action for
    breach of guaranty, since a consolidation rests in the trial
    court's discretion.

*Appeal from Linn District Court.*—HON. II. M. REMLEY,
                        Judge.

TUESDAY, MAY 14, 1901.

THE petition filed March 11, 1898, alleged that defend-
ant undertook to put in plaintiff's house a water-heating
apparatus, at the agreed price of $390, with the guaranty
that it have a capacity of heating all rooms in which radi-
ators are placed to a specified temperature in the coldest
weather; that during the construction thereof $315 of the
purchase price was paid; that upon completion, after numer-
ous tests, it wholly failed to heat the house as agreed, and
was of no value to plaintiff; that he tendered it back to

defendants, who refused to receive it. And he prayed judgment for the amount paid, less the value of certain radiators and pipes used by him in putting in another plant.

The defendant entered a plea in bar to the effect that on the 27th day of June, 1897, the defendant brought suit for $75, the balance of the purchase price on said contract; that plaintiff defended therein by setting up the breach of guaranty as now averred in his petition; that the justice of the peace rendered judgment for defendant therein (this plaintiff), whereupon an appeal was taken to the district court, and upon that a like result reached; that as this petition is based on the identical contract and breach thereof, and the parties are the same, plaintiff is estopped from prosecuting this action. To this plea the plaintiff demurred on the ground, in substance, that there had been no adjudication of the claim stated in the petition. The demurrer was overruled, and, as plaintiff elected to stand on the ruling, the petition was dismissed, and he appeals.—*Reversed.*

*Smith & Smith* for appellant.

*W. H. Storrs* for appellees.

LADD, J.—Upon the failure of defendant's guaranty, plaintiff had the election of two remedies: He could either pay for and retain the plant and sue for damages, or rescind the contract by the return of the plant, and demand the portion of the purchase price previously paid. According to the petition, he pursued the latter course; and it must be conceded, for the purposes of the case, that there was a failure to comply with the terms of the agreement, and, owing to this, a timely tender of the return of the apparatus to defendant. A good cause of action for the $315 paid then was stated. And the same facts furnished an equally good defense to the action by defendant in the justice court, and on appeal in the district court, for the portion of the purchase price ($75) which had not yet been paid. On what theory can it be said that, because these

facts have been successfully pleaded in defense of a claim asserted by defendant, they may not furnish the basis of an action for recovery by the plaintiff? The latter could not have pleaded his cause of action by way of counterclaim, as it exceeded in amount the jurisdiction of the justice. Section 4477, Code. Nor was he bound to do so. Section 3440 Code. Is he without a remedy? It is well settled that a set-off or counterclaim may or may not be pleaded, as the defendant shall elect; and, unless it is pleaded, the right to sue upon it is an independent cause of action, or to rely upon it in defense of another action by the same plaintiff, is in no wise affected or impaired by a judgment for or against the defendant. In other words, if the matter of set-off or counterclaim is presented and passed upon in a suit, it is barred¹ by the judgment; if not, the defendant may make it the subject of a separate and distinct action. *Hunt v. Brown,* 146 Mass. 253 (15 N. E. Rep. 587); *Roach v. Privett,* 90 Ala. 391 (7 South. Rep. 808); *Minnaugh v. Partlin,* 67 Mich. 391 (34 N. W. Rep. 717). See Enc. Pl. & Prac. 731, and cases collected. The statutes in some states require an existing claim held by the defendant in an action to be pleaded as a counterclaim, while in others, in apparent exception to the above rule, a judgment on a cause of action is treated as a bar to a subsequent suit on a claim involving the same right, which had been available as a defense in the former action. The best-reasoned case on this latter proposition, based on the notion that the right has once been adjudicated, is *Bellinger v. Craigue,* 31 Barb. (N. Y.) 534. This court, however, took the opposite view in *Fairfield v. McNany,* 37 Iowa, 75; and, indeed, as there said, the matter is disposed of by our statute, which provides that a "judgment does not prevent the recovery of any claim, though such claim might have been used by way of a set-off, counterclaim or cross demand in the action in which judgment was recovered." Section 3440, Code.

But it is said that the actions ought to have been consolidated in the district court, as permitted by section 3644

of the Code. It is a sufficient answer to this to say that they were not. Consolidation is effected on an order of court alone, upon application of a party or by agreement. Even when applied for, the order is discretionary, and will be interfered with only upon a clear showing of abuse. See 4 Enc. Pl. & Prac. 684, *et seq.*, where the cases so holding are collected. This being true, it needs no argument to show that a remedy will not be lost in the one case by failure to move its consolidation with the other. Besides the judgment of the justice, had no appeal been taken, would have been precisely as effectual as a plea in bar as that of the district court in the same case. Had the pendency of the action before the justice been pleaded in abatement in this suit, the plea would have been bad, for that afforded no remedy to plaintiff. *Pratt v. Howard,* 110 Iowa, 533. Is the judgment when rendered therein any more effectual when pleaded in bar? We discover no tenable ground for the order overruling the demurrer, and it is REVERSED.