GOLDIE HAUSBRANDT, Appellant, v. FRANK HOFLER AND
EMMA HOFLER.

Reformation of Note:    *Mistake as to how paper shall operate.*
Where the parties to a demand note execute it through the
mistaken understanding that it only operates as a receipt for
an advancement from the payee to his daughter, who is the
maker's wife, the note will be reformed in equity to conform
to the intention of the parties in an action on the note.

EVIDENCE:    *Intent.*    Parol evidence that a note was intended as
a receipt is admissible in an action in which the defendant
asks a reformation of the note.

*Appeal from Floyd District Court.*—HON. C. H. KELLY,
Judge.

MONDAY, MAY, 19, 1902.

ACTION begun at law upon a promissory note. De-
fendants admit the execution of the instrument, but allege
that it was intended for a receipt only, and not as an evi-
dence of indebtedness, and ask to have it reformed accord-
ingly. Upon trial in the district court, the relief asked
for by defendants was granted, and plaintiff appeals.—
*Affirmed.*

*Robert Eggert* for appellant.

*P. W. Burr* for appellees.

WEAVER, J.—The note sued upon bears date July 9, 1895,
and is made payable upon demand to one John Bottcher,
father of the defendant Emma Hofler. Some time in the
year 1897, Bottcher demanded payment of the note, which
was refused, and he thereafter transferred the instrument
to plaintiff. The theory of the defense is that Bottcher fur-

nished the sum of $100 by way of advancement to his daughter Mrs. Hofler, and requested to be given some writing which would evidence that fact, and make his daughter chargeable therewith in the distribution of his estate; that for such purpose the instrument in suit was executed and delivered, through mutual mistake of the parties as to the legal effect of the language, when the real intent of both parties was to execute an instrument which would operate as a receipt or acknowledgement of such advancement. After this transaction, and before the transfer of the note, Bottcher and his wife separated, and Mrs. Hofler espoused the cause of her mother in the quarrel. After disposing of the note, Bottcher went to Germany, where he still remained at the date of the trial, and was not examined as a witness.

It is unnecessary for us to review the testimony in detail. Several witnesses testified that Bottcher voluntarily offered to advance the money to his daughter, explaining that he had made a similar advancement to another daughter, and wished to treat all his children alike, and then said, in substance, to the defendant, "You give me a writing to show after I am gone that you received this amount." That this was the origin of the note, and that such note was given with the mutual understanding and belief that it would operate as a simple receipt or proof of the advancement, are shown without controversy; and the only question left to be considered is whether, upon such state of facts, the defendants were entitled to a reformation of the writing. In *Stafford v. Fetters*, 55 Iowa, 484, this court held that one who had indorsed a promissory note in words which rendered him liable to the indorsee might have the same so reformed as to relieve him from such liability, upon proof that such was the intention of the parties, and there had been a mutual mistake as to the legal effect of the writing. We there said: "If the writing fails to present their agreement, the contract it ex-

presses is not the contract of the parties, and the true contract remains unexecuted. In such a case equity will reform the writing, causing it to express the intention of the parties. This relief will be granted without regard to the cause of the failure of the instrument to express the true contract whether it be from fraud, mistake in the use of the language employed, or any other thing which prevented the exression of the intention of the parties." In the same case it is also said that the rule that equity will not relieve against mistakes of law "has no application to mistakes in the language of a contract, or in the choice of the form of an instrument, whereby it has an effect different from the intention of the parties. If parties intending to sell and purchase land should, in ignorance of its effect, execute a lease, equity would reform the instrument, although it was a mistake of law which led them to adopt it." To the same effect, see, *Ring v. Ashworth,* 3 Iowa, 458. The rule thus defined finds support in 1 Story, Equity Jurisprudence, 115, and 2 Pomeroy, Equity Jurisprudence 845, and in numerous decisions of this and other courts, and is we think, conclusive of the appeal now under consideration. The plaintiff's contention that the right to reform a written instrument exists only where there is something doubtful or ambiguous upon the face of the writing has, we think, no support in authority. So, too, the rule of evidence which forbids oral testimony to contradict or vary the terms of a written contract has no application to proceedings in equity, where a mistake in the contract is alleged, and its reformation demanded. The right to reform a written contract at all, implies of necessity, the right to dispute its terms, and to show (ordinarily by parol) that its stipulations do not express the real intention of the parties. *Lee v. Percival,* 85 Iowa, 641. In *Gerth v. Engler,* 71 Iowa, 616, cited by appellant, this court seems to be committed to the doctrine that the facts relied upon by the appellees in this

case will constitute no defense to an action at law upon the note; but the question whether equity will afford relief by reforming the instument was not there involved, nor in any manner discussed. The decision referred to, it should be said, was by a divided court; and, as an original proposition, the writer would be inclined to hold, with the minority, that such defense goes simply to the matter of the consideration for the note, and is available without resort to equity. Such seems to be the decided weight of authority. *Brook v. Lattimer*, 44 Kan. 431 (24 Pac. Rep. 947, 11 L. R. A. 805, 21 Am. St. Rep. 292); *Johnson v. Ghost*, 11 Neb. 414 (8 N. W. Rep. 391); *Vaden v. Hance*, 1 Head, 300; *Spire's Adm'r v. Langford*, 95 Ky. 367 (25 S. W. Rep. 597).

Believing, therefore, that the record shows the defendants fairly entitled to the relief granted them by the court below, the decree appealed from is AFFIRMED.