Mrs. R. H. C. Chapman, Appellee, v. E. R. Chapman and Rose Chapman, Appellants.

**Evidence:** TRANSACTIONS WITH A DECEASED: WAIVER. In an action 1 by the devisee of notes payable to the testator, the makers are incompetent to testify to any transactions or communications with deceased concerning the same; and the testimony of the devisee as to how she obtained the notes and identifying certain letters written by defendants, was not a waiver of her right to object to the competency of such evidence.

**Parol evidence:** CONTEMPORANEOUS AGREEMENT. Evidence of a con- 2 temporaneous parol agreement is inadmissible for the purpose of varying the terms of a promissory note.

*Appeal from Monona District Court.*—Hon. Wm. Hutch-inson, Judge.

WEDNESDAY, OCTOBER 24, 1906.

ACTION at law upon two promissory notes given by defendants to one G. W. Chapman, now deceased. Trial to the Court, judgment for plaintiff, and defendants appeal. — *Affirmed.*

*Prichard & Newby,* for appellants.

*C. E. Underhill,* for appellee.

DEEMER, J.— The action is upon two negotiable promissory notes, one for $300 and the other for $100, each signed by the defendants and due in one year from July 15, 1901, and November 11, 1901, respectively. The notes were made to Geo. W. Chapman, who is now deceased, and this action is by the legatee under his will. The defendants admitted the execution of the notes, pleaded that they were not given as evidence of an indebtedness but for the purpose of indicating the interest which the deceased had in certain real property in Sioux City, Iowa, and that defendant E. R. Chapman, who held the legal title to the real estate, was ready and willing to deed a two-fifths interest therein, which, it is claimed, was G. W. Chapman's share as evidenced by the notes, to the plaintiff or the deceased's legal representative. Upon these issues the case was tried to the Court and resulted in a judgment for plaintiff for the amount of the notes. Defendants introduced testimony to show that defendant E. R. Chapman and deceased, Geo. W. Chapman, entered into a contract to purchase certain real estate in Sioux City, agreeing to pay therefor the sum of $1,000, that Geo. W. Chapman paid $400 of the purchase price, and the defendant E. R. Chapman the remainder; he (E. R.) taking title to the property in his own name.

It is claimed that the notes in suit were made by E. R. Chapman and Rose Chapman simply to show the amount advanced by Geo. W. Chapman upon the land, and not as evidence for any indebtedness upon the part of the defendants. The questions presented on this appeal

1. EVIDENCE: transactions with a deceased; waiver.

relate to the competency of certain witnesses and of the testimony offered to sustain defendants' contentions. Of course, neither of the defendants was a competent witness as to any personal transactions or communications with the deceased, Geo. W. Chapman. Code, section 4604. But it is claimed that plaintiff went upon the witness stand and gave testimony, and that this

made defendants' testimony competent.  It is true that plaintiff was a witness, but she did no more than to state how she obtained the notes and to identify certain letters written by defendants.  This did not make defendants competent witnesses as to personal transactions with deceased. See cases cited under section 4604 of the Code.

Eliminating the testimony of defendants as to personal transactions between them and the deceased, there is not enough to sustain defendants' contention as to how the notes came to be made.  But, if there were testimony to sustain defendants' claim, we think it would be incompetent under the well-known rule prohibiting parol testimony of a contemporaneous agreement at variance with the terms of the note.  It is everywhere held that a promissory note cannot be varied by parol testimony of a contemporaneous agreement entered into at the time the note was executed.  *Dickson v. Harris,* 60 Iowa, 727; *Gerth v. Engler,* 71 Iowa, 616; *Altman v. Anton,* 91 Iowa, 612; *Farmers' Bank v. Wilka,* 102 Iowa, 315; *Luke v. Koenen,* 120 Iowa, 103; Daniel on Negotiable Instruments (4th Ed.) sections 80, 81, and cases cited.

*2. PAROL EVIDENCE: contemporaneous agreement.*

The trial court was right in finding the defendants liable, and its judgment is *affirmed.*