WILLIAM M. PRICE, JR., Appellee, v. CHAS. A. MACOMBER, Appellant.

Action upon foreign judgment: COUNTERCLAIM: ADJUDICATION. A
1  counterclaim is not merely a defense to an action but an original ac-

tion may be brought thereon, and the defendant may elect whether he will interpose his counterclaim as a defense or will reserve it for an independent action. Thus where defendant was sued on a foreign judgment he had the right to set up a counterclaim for fraud inducing the contract on which the judgment was based, and was not confined to pleading it in that action.

**Contracts:** FRAUD: RESCISSION: DAMAGES. One fraudulently induced 2 to enter into a contract may elect either to rescind the contract or to sue for damages.

*Appeal from Cedar District Court.*—HON. W. N. TREICHLER, Judge.

TUESDAY, JANUARY 13, 1914.

ACTION at law upon a foreign judgment. The defendant set up a counterclaim. The plaintiff filed a demurrer thereto which was sustained. Thereupon the trial court dismissed the counterclaim and entered a judgment for the plaintiff. The defendant appeals. *Reversed.*

*Chas. W. Kepler & Son,* for appellants.

*John T. Moffit* and *Frank McLaughlin,* for appellee.

EVANS, J.—The foreign judgment sued on was entered in the state of Colorado. The defendant set up a counterclaim for damages for false and fraudulent representations in the sale of real estate by plaintiff to defendant, whereby the defendant was misled to his injury and induced to enter into a contract for the purchase of such real estate. The contract thus entered into was the basis of plaintiff's suit upon which judgment was entered in Colorado.

The general ground of plaintiff's demurrer to the counterclaim was that the judgment in the original action neces-

sarily adjudicated the defendant's counterclaim because it could have been set up in such original action. The theory of the demurrer is that the cause of action set up in the counterclaim so inhered in the original cause of action of the plaintiff that it could not be maintained except in such original action and as a defense to the contract therein sued upon.

1. ACTION UPON
FOREIGN JUDG-
MENT: counter-
claim: adjudi-
cation.

We have no argument for appellee.

While authorities may be found in support of the theory of the demurrer, the question has been settled otherwise in this state for many years. Code, sec. 3440, provides as follows: ''Judgment obtained in an action by ordinary proceedings shall not be annulled or modified by any order in an action by equitable proceedings, except for a defense which has arisen or been discovered since the judgment was rendered; *but such judgment does not prevent the recovery of any claim, though such claim might have been used by way of counterclaim in the action on which the judgment was recovered.*'' This section was first construed in *Fairfield v. McNany*, 37 Iowa, 75. In that case an independent action was brought for damages for breach of a contract in the sale of property. Such cause of action could have been set up as a counterclaim in a previous action for the purchase price brought by McNany against Fairfield and wherein Fairfield suffered judgment by default. It was held that the cause of action was not lost to the plaintiff therein by failure to set it up in the previous action. This case was followed in *Folsom v. Winch*, 63 Iowa, 477; *Jones v. Witousek*, 114 Iowa, 14; *Conly v. Scanlin* (Iowa), 109 N. W. Rep. 300; *Ferguson v. Epperly*, 127 Iowa, 214.

In *Folsom v. Winch* and *Conly v. Scanlin*, *supra*, the counterclaim was interposed in each case against a foreign judgment. In *Jones v. Witousek*, *supra*, we said:

It was settled that a set-off or counterclaim may or may not be pleaded, as the defendant shall elect; and, unless it is

pleaded, the right to sue upon it is an independent cause of
action, or, to rely upon it in defense of another action by the
same plaintiff, is in no wise affected or impaired by a judg-
ment for or against the defendant. In other words, if the
matter of set-off or counterclaim is presented and passed upon
in a suit, it is barred by the judgment; if not, the defendant
may make it the subject of a separate and distinct action.
. . . The statutes in some states require an existing claim
held by defendant in an action to be pleaded as a counter ·
claim, while in others, in apparent exception to the above rule,
a judgment on a cause of action is treated as a bar to a sub-
sequent suit on a claim involving the same right, which had
been available as a defense in the former action. . . .
This court, however, took the opposite view in *Fairfield v.
McNany,* 37 Iowa, 75; and, indeed, as there said, the matter
is disposed of by our statute, which provides that 'a judg-
ment does not prevent the recovery of any claim, though such
claim might have been sued on by way of a set-off, counter-
claim or cross-demand in the action in which judgment was
recovered. Section 3440 of the Code.'

The theory of the foregoing cases is that the right of elec-
tion rests with the holder of an independent cause of action
whether to interpose it as a counterclaim or reserve it for a
later action. A counterclaim in the strict sense is not deemed
a mere defense to the main action when it presents a cause
upon which an original action could have been brought.
*Johnson v. Nash,* 121 Iowa, 173.

The case of *Medart Pulley Co. v. Dubuque Turbine Co.,*
121 Iowa, 244, presents the question from a somewhat differ-
ent angle. In that case the plaintiff brought an action against
the defendant for damages for delay in delivery of certain
goods in breach of its contract. It was found in that case
that the plaintiff had waived the claim at the time of the
settlement of the purchase price. The evidence of such waiver
was contained in certain correspondence between the parties
wherein the plaintiff at first claimed the damages in recoup-
ment of the purchase price and afterwards in express terms
waived them and paid the purchase price. There is also some

discussion distinguishing between the mere right of recoupment against the purchase price for failure of performance by the other party and a strict counterclaim which constitutes in itself an independent cause of action. Such discussion is without application in this case. The defendant's counterclaim herein is based upon the false and fraudulent representations of the plaintiff which caused him to enter into a contract, on its face enforceable against him.

Doubtless he could have elected to rescind it, but he was not bound to elect such remedy. He was entitled to seek his remedy in damages. His counterclaim is in no legal sense inconsistent with the plaintiff's previous recovery of the amount stipulated in the contract. The demurrer was not properly sustained upon this ground. The demurrer also challenged the sufficiency of the allegations of the counterclaim. The counterclaim is not a model of form and is doubtless vulnerable to an appropriate motion. We think, however, that it is not demurrable.

2. CONTRACTS : fraud : rescission : damages.

The order dismissing the counterclaim must therefore be *Reversed*.

LADD, C. J., and WEAVER and PRESTON, JJ., concurring.