GRONEWEG & SCHOENTGEN v. KUSWORM.

1. **Appeal:** AMENDMENT OF ABSTRACT: TIME. An appellant has a right to file an amendment to his abstract, when done before the argument of appellee is served on him, and in ample time to permit appellee to make any argument he desires on the record as amended.

2. **Evidence:** NOT RELEVANT TO ISSUES. In an action for money loaned, evidence showing liability for failure to pay a draft is irrelevant.

3. **Agency:** APPARENT AUTHORITY OF AGENT AFTER DISCHARGE. The fact that defendant had honored several drafts drawn by their traveling salesman for personal expenses and indorsed at his request by plaintiffs while he was yet in defendant's employment, did not bind defendant to pay another draft drawn and indorsed by the same parties after his discharge, even though plaintiffs had no knowledge of such discharge. (Compare *Baudouine v. Grimes,* 64 Iowa, 370).

*Appeal from Pottawattamie District Court.*—HON. C. F. LOOFBOUROW, Judge.

FILED, SEPTEMBER 10, 1888.

THIS is an action at law, by which plaintiffs, as appears from the averments of their petition, seek to recover of the defendant the sum of nine hundred dollars and interest for money advanced to defendant to be repaid by defendant. In other words, the cause of action set forth in the petition is to recover for money loaned. The answer was a general denial. There was a trial by jury, and a verdict and judgment for the plaintiffs. Defendant appeals.

Groneweg & Schoentgen v. Kusworm.

*Sapp & Pusey*, for appellant.

*Wright, Baldwin & Haldane*, for appellees.

ROTHROCK, J.—I.   The record in the c ase is attacked by a motion filed by appellees, based upon several

1. APPEAL: amendment of abstract : time.

grounds.   The motion is supported by affidavits, and there are counter-affidavits filed by appellant.   Appellees seek to strike out part of the amended abstract filed by appellant.   This part of the motion is not well taken. The amendment appears to be supported by the record, and it was filed in January, 1888, and before the argument of appellees was served on appellant, and in ample time for the appellees to present any argument they desired upon the record as amended.   The motion also asks that certain parts of the bill of exceptions be stricken from the record, and that the case be affirmed.   These grounds of the motion will be overruled.   They are not well taken in point of fact.   The appellant's assignments of error are also attacked as being too indefinite and general.   It is only necessary to say in reference thereto that the material errors in the case are sufficiently pointed out in the assignments.

II.   It will be observed that the plaintiffs, by their petition, sought a recovery upon a claim for money loaned.

2. EVIDENCE: not relevant to issues.

They introduced evidence, and sought a recovery as accommodation indorsers of a draft drawn by one Schweizer upon the defendant, which was protested for non-payment.   The draft and indorsements were in the following words :

"$100.            COUNCIL BLUFFS, IA., 6–15–1885.

"Pay to the order of First National Bank, C. Bluffs, Ia., one hundred dollars, with exchange and collection charges, value received, and charge the same to the account of            I. SCHWEIZER.

"To D. Kusworm, Cincinnati, O."

On the back of said draft are the following indorsements :

"Groneweg & Schoentgen: Pay Union National Bank, Chicago, or order, for account of First National Bank, Council Bluffs, Ia.

"S. FARNSWORTH, Cashier.

"Pay ——— or order, for collection, on account of Union Ntl., Chicago.

"U. C. OAKLEY, Cashier.

"Protested June 18, 1885.   No. 10,513.

"ALBERT PADDOCK, N. P."

—And in pencil is written the following: "Do not owe him one cent; has been discharged some time ago."

One of the plaintiffs testified in regard to the transaction as follows: "Mr. Schweizer called, and said he was out of money, and needed money for traveling expenses, and asked me to cash his draft on D. Kusworm & Co., for whom he was traveling and selling goods. I made out a draft on D. Kusworm and indorsed it, and he went to the bank and got his money.  That draft was paid.  About four or five weeks later he called again. He said he usually arranged it to draw money in Council Bluffs; that he was again out of funds, and wanted to know if I would cash his draft on Mr. Kusworm for one hundred dollars.  I indorsed the draft, and he got the money on it.  That draft was also paid.  About six weeks later Mr. Schweizer called again, and said he had need of another draft for traveling expenses.  I made out the draft and indorsed it, and he went to the bank and got the money.  About four or five days later that draft came back protested, not paid, and we refunded to the bank the amount of the draft, with protest fees." He furher testified, in substance, that he had no knowledge when he indorsed the last draft that Schweizer was not then in the employ of Kusworm, the defendant.  All of this evidence was objected to by the defendant as incompetent and immaterial, and the objection was overruled.  It ought to have been sustained.  The action was to recover borrowed money; and the evidence, instead of proving the case made in the petition (if competent in any form of action), tended to show a liability for failure to pay a draft drawn upon the defendant.  The

evidence introduced upon a trial must have some relevancy to the issues made in the pleadings.

III. As this case is to be remanded to the court below for a new trial, it is proper that we should determine the question made by counsel as to whether the evidence as it appears in the record shows any liability of the defendant.

3. AGENCY: apparent authority of agent after discharge.

The facts presented in evidence are in all essential respects like the case of *Baudouine v. Grimes*, 64 Iowa, 370, where we held that the drawee was not liable. In that case, as in this, previous drafts had been paid by the drawer. An examination of that case will show that it is decisive of this.

REVERSED.