ANDREW FERGUSON, Appellee, v. W. S. EPPERLY, ET AL., Appellants.

**Rents and profits:** RECOVERY BY VENDEE OF LANDS: ELECTION OF REMEDIES. Where the vendee of real property refuses to perform his contract by paying a balance due on the purchase price, recovery of judgment therefor, with interest, by an assignee of the vendor was an election to affirm the sale, and entitled the vendee to the rents and profits of the land from the date at which such payment should have been made under the contract.

**Action for rent:** PARTIES. In an action by a vendee of real property to recover rents and profits from one in possession and holding the legal title, the evidence is reviewed and held sufficient to support a finding that the real ownership of the property was in another who was properly made a party to the action.

**Counterclaim.** Failure of a vendee to plead a cause of action for rents and profits as a counterclaim in an action for the balance

of the contract price of real property, will not preclude him from maintaining an independent action therefor after payment of the judgment for the contract price.

*Appeal from Davis District Court.*— HON. C. W. VERMILLION, Judge.

THURSDAY, APRIL 6, 1905.

ACTION in equity for an accounting as for the rents and profits of certain real estate.    The opinion states the case. There was judgment in favor of plaintiff against the defendant W. J. Steckel, and the latter appeals.—*Affirmed.*

*H. C. Taylor,* for appellant.

*Payne & Sowers, Brookhart & Brookhart, and H. M. Eicher,* for appellee.

BISHOP, J.— In the year 1899 one Robb was the owner of the real estate in question ; the same being a farm of about 200 acres situated in Davis county, this State.    In the fall of that year Robb contracted, in writing, to sell and convey said farm to the plaintiff, Ferguson, for the agreed price of $5,600.    Ferguson then paid in cash the sum of $400, and the balance of the purchase price was to be paid March 1, 1900, when possession of the property was to be given.    In February, 1900, Ferguson gave notice to Robb that, for certain reasons having relation to title conditions, he would not take the property.    Thereupon Robb assigned the sale contract to the defendant Epperly, and the latter on March 1, 1900, tendered to Ferguson a deed of the land, and possession thereof, and demanded payment of the balance of the purchase price.    Ferguson refusing to comply, Epperly commenced an action to recover such balance, with interest. Such action resulted in a judgment in favor of Epperly in the district court for the amount claimed, with interest from March 1, 1900, and on appeal to this court the judgment

was affirmed. See *Epperly v. Ferguson,.* 118 Iowa, 47. Following the affirmance, and on December 23, 1902, Ferguson complied with the judgment, and paid the amount thereof, with interest and costs, in full, to the clerk of the district court. It appears that with the assignment of the sale contract to him in February, 1900, Epperly went into actual possession of the farm, and that he continued in such possession until the payment of the judgment by Ferguson in December, 1902. This action was commenced to recover the rents and profits of the farm while in the possession of Epperly.

W. J. Steckel was made a party defendant — it being alleged, as against him, that he was the real party in interest in the transaction, Epperly being but a mere figurehead for him; and this fact question we may first determine. Without attempting to set forth the evidence in detail, we may say that it appears with sufficient clearness that the assignment from Robb to Epperly was. procured to be made by Steckel, and that the latter paid Robb the purchase price. Upon the judgment being entered against Ferguson, it was at once assigned by Epperly to Steckel, and the latter received the amount of such judgment and interest paid by Ferguson. A memorandum of agreement between Steckel and Epperly was introduced in evidence, and therefrom it appears that, as between them, Epperly was to hold title pending the litigation, and, in the event of a failure to recover against Ferguson, he was to have the privilege of purchasing the farm from Steckel. In addition to all this, Epperly turned over to Steckel the proceeds of the farm during the period the same was occupied by him. We conclude that the finding of the district court to the effect that Steckel was the real party in interest was fully justified, and we shall so consider him in our disposition of the case.

Without doubt, appellant had the right on March 1, 1900, to make choice of the remedy he would pursue, and

this he did by bringing action for the balance of the purchase price and interest. On his part, the effect thereof was to confirm the sale to Ferguson, and this amounted to a recognition of the rights of the latter in the property as of the date when by the contract the sale was to have been carried into effect. This must be so, for an action for the purchase price could not be maintained except upon his assumption that Ferguson was the owner of the property, subject, of course, to a lien for the purchase price in favor of the vendor. True enough, Ferguson was seeking to avoid payment of the purchase price, but this could not have the effect to give Steckel the right to insist in one breath upon ownership in Ferguson, and a consequent liability to make payment, with interest, and in the next breath make claim in his own favor, as against Ferguson, of the right to possess himself of the incidents of ownership; that is, the rents and profits. Having made his election, the rights of Steckel were limited to a recovery of the purchase price and interest, and the attitude assumed by Ferguson could not operate to enlarge those rights. We are not to be understood as holding that Steckel, being in possession through Epperly, had no right to thus remain and to care for the property. On the contrary, he might properly do so, but only on the theory and to the extent of protecting the same as the security for the payment of his debt. When, therefore, Ferguson made payment of the balance of the purchase price, and paid the penalty for his delay by adding interest to principal, he became entitled to the undisputed possession of the property. Not only this, but the effect of his payment of interest was to wipe out every effect incident to the delay, and to vest in him all the rights of ownership as of the date when the interest payment began. Included in such rights were the rents and profits. In short, the occupancy of Steckel was, in legal contemplation, that of a mortgagee in possession. He was not chargeable with rent in the sense of compensation for his posses-

1. RENTS AND PROFITS: recovery by vendee of land; election of remedies.

sion, but he could not use the property for his profit without accounting for so much as he actually received. It is clear that the amount actually realized by him was equal to the judgment entered by the district court. Authorities for the general propositions we have thus advanced ought not to be required, but see the case of *Rea v. Ferguson,* 126 Iowa, 704; also *Zebley v. Sears,* 38 Iowa, 511; *Ashurst v. Peck,* 101 Ala. 499 (14 South. Rep. 544); *Siems v. Bank,* 7 S. D. 338 (64 N. W. Rep. 167).

The point is made in argument by appellant that plaintiff should not be permitted to recover in this case because, as it is said, he should have pleaded the right here asserted 3. COUNTER-     as an offset in the purchase-price action. The CLAIM.         contention is without merit. In the first place, it does not appear that the right had fully accrued when the purchase-price action was tried. But if it had, there is no rule of law with which we are familiar that holds to the doctrine that a failure to plead an existing cause of action as a counterclaim when presented with an opportunity to do so operates *ipso facto* to cancel or satisfy such cause of action.

We conclude that the judgment was right in all respects, and it is *affirmed.*