SHULL, GILL, SAMMIS & STILWILL, Appellees, v. W. J. McCRUM, Appellant.

**APPEAL AND ERROR:** Abstract of Record—Presumption. An abstract will be presumed to contain the record, even though there be no certificate or allegation to that effect.

**APPEAL AND ERROR:** Exceptions—When Preserved. Exceptions once taken need not be repeated; in other words, no exception need be taken to a verdict or judgment when, prior thereto, an exception was duly taken to an error which inheres in the judgment, and when, but for such error, no judgment would have been entered. So held where defendant, contending for a complete accord and satisfaction, raised the point by motion for directed verdict and by instructions requested, and duly excepted to adverse rulings, but did not except to the verdict or judgment.

**TRIAL:** Instructions—Necessity and Subject-Matter—Issues Generally—Law Issues. Failure to submit an issue to the jury is proper when he who presents it does not ask for such submission, but insists, that the court sustain such issue *as a matter of law.* So held on an issue of accord and satisfaction.

**ACCORD AND SATISFACTION:** Nature and Requisites—Part Payment—Intent—Accord and Satisfaction Per Se. There can be no accord and satisfaction unless both parties act knowingly with the intent to effect the accord.

PRINCIPLE APPLIED: A client sent an attorney a check for an amount which, in any event, was due the attorney. The letter stated that it was "for services," and specified that all except a named sum "is per agreement." Before this, the client had been told that he would be charged an additional sum for certain services not covered by the letter. Upon said check was dimly written, "For services in full to date." The attorney was absent when the check arrived. On returning, he indorsed the check, without noticing the notation thereon, and it seems to have been started on its course through the banks for collection. Later, on examining the letter, the attorney discovered the client's claim of full settlement, and at once wrote the client, saying that a further sum was due. The client received the letter before his check was cashed, but took no steps to stop payment. *Held*, the court did not err in refusing to hold that an accord and satisfaction resulted as matter of law—that such issue was for the jury.

**APPEAL AND ERROR:** Assignment of Errors—Rules. Principle recognized that an assignment of errors in purported compliance with former Section 4136, Code, 1897 (now repealed), is not the equivalent of "the errors relied on for a reversal" required by Rule 53, governing appeals.

**ATTORNEY AND CLIENT:** Compensation—Quantum Meruit or Contract—Evidence. Evidence reviewed, and held to justify the court in charging that there had been no specific contract as to compensation which an attorney should receive, and that, consequently, he was entitled to recover on a *quantum meruit.*

*Appeal from Cherokee District Court.*—W. D. BOIES, Judge.

· MONDAY, MAY 14, 1917.·

APPELLEES had judgment at law for attorney fees. Defendant appeals.—*Affirmed.*

*Guy J. Tomlinson* and *James De Land,* for appellant.

*Shull, Gill, Sammis & Stilwill,* and *Wm. Mulvaney,* for appellees.

·SALINGER, J.—I. The appellees make

**1. APPEAL AND ERROR: abstract of record: presumption.** the point that the appeal cannot be heard, because the abstract of appellant and the record contain no statement that same contain the evidence, because there is no certificate of any kind or character, and because it is not even shown that the case was tried by a court and jury.

We have to say: It is presumed that the abstract contains the record. No affirmative statement that it contains the evidence, or other certificate, is required. And we think it sufficiently appears that the case was tried by a court and jury.

II. Appellees contend that the appeal

**2. APPEAL AND ERROR: exceptions: when preserved.** cannot be heard because the defendant appellant took exceptions to neither verdict nor judgment. It appears that no such exception was taken, and that no motion for new trial was made.

The general rule is that a judgment on the law side will not be reviewed in the absence of exception thereto. Sec: 3749, Code, 1897; *Gillespie v. Ashford,* 125 Iowa 729, 740; *Redding v. Page,* 52 Iowa 406; *Holton v. Butler,* 22 Iowa 557, at 559, 560. But if an error which is excepted to inheres in the judgment later entered, so that there would have been no judgment had it not been for such error, then the exception need not be repeated to the final judg-

ment in order to have that judgment reviewed. *Haefer v. Mullison,* 90 Iowa 372; *Jordan v. Kavanaugh,* 63 Iowa 152; *Aldrich v. Price,* 57 Iowa 151, 155; *Barnhart v. Farr,* 55 Iowa 366; *Clement v. Drybread,* 108 Iowa 701.

The defendant moved for a directed verdict, on the ground that he was under no liability to plaintiffs, because there had been a complete satisfaction, accord and settlement between them. He made the same point by instructions offered. The motion was overruled, and the instructions refused. To these rulings, there was due exception. If there was such accord, satisfaction and settlement, the plaintiffs were not entitled to the judgment they asked, and which they obtained. An exception to the ruling of the court that there was no accord, satisfaction and settlement was, therefore, of necessity, an assertion that plaintiffs were not entitled to judgment. The ultimate question is one of acquiescence. Had the court held with defendant, the judgment against him was unwarranted. Therefore, when defendant complained because judgment against him was not prevented by the court, it cannot well be said that he acquiesced in the judgment, which would not have come into existence if the action to which he excepted had not been taken. Had the court ruled that there was accord, satisfaction and settlement, defendant would have no judgment to complain of now. When he complained because the court did not so rule, he complained in advance of any judgment that would be and should not have been entered had it not been for the earlier action excepted to. It follows that defendant is within the reason of the rule which makes it unnecessary to repeat an exception once taken.

3. TRIAL: instructions: necessity and subject matter: issues generally: law issues.      The defendant excepts to Instructions 1, 2 and 3 because, though purporting to state the issues to the jury, they "omit entirely any reference to or statement of the issue tendered by the defendant in his an-

swer relating to the alleged situation by accord and satis-
faction." Unless the defendant did something which jus-
tified the omission of this issue, it was error to omit it.  The
omission was justified.  While, as a general proposition, it
was the duty of the court to submit any issue made in the
answer, though no request for such submission is made, this
is not so where a party tendering an issue asks the court
to sustain the same as matter of law, and does not ask that
it be submitted to the jury.  Where he declares that there
is nothing to submit, he may not complain that, notwith-
standing, the court on its own motion failed to submit.  In
such circumstances, if there be error, it is found in the re-
fusal to sustain the defense as matter of law.  The sole
question on this head, then, is whether the court erred in
refusing to hold that accord and satisfaction was estab-
lished as matter of law.

2-a

Upon whether there was accord, satis-
**4. ACCORD AND SATISFACTION: nature and requisites: part payment: intent: accord and satisfaction *per se*.** faction and settlement as matter of law, the
evidence is this:  Defendant admits that he
was, at all events, indebted to the plaintiffs
in the sum of $122.15, made up of $55.15
upon a contract which he claims was made
for services in the case of Hattie B. McCrum against this
defendant, and of $67 for services due in the Busch case.
After the rendition of the alleged services for which this
suit is brought, services in the divorce suit of this defend-
ant against Hattie B. McCrum, defendant wrote plaintiffs
a letter, enclosing a check for $122.15 "for services."  The
letter specifies that all except $67 "is per agreement."  It
appears that, before this letter and check were sent, de-
fendant was informed that he would be charged for ser-
vices in the divorce action, additional to the items specified
in the letter and covered by the check.  Upon the check is
the statement: "For services in full to date."  This check

arrived at plaintiffs' office when Mr. Gill was not at home. Upon his return, Gill turned it over to a clerk, simply endorsing it. He does not remember the words on the back, and does not know whether, at the time he received it, it was as it is now. The check itself was before the court, and it states in the record that the phrase, "For services in full to date," was made by a "dim pencil mark." As soon as defendant's letter came to Mr. Gill for notice and consideration, he at once wrote defendant that the amount sent was not in full of services in the divorce case, and that, notwithstanding the check, defendant was indebted for services in that case. In the due course of mail, defendant received this letter, before the bank at Cherokee, upon which the check was drawn, paid the same, and he made no effort to stop payment, though he knew, before that bank paid, of the manner in which the check was being applied by the plaintiffs. It seems very clear that defendant sent no more than was confessedly due in any event, and that the plaintiffs endorsed the check before they realized that there was claim that it paid for more than was due at all events. In view of this, and of the prompt repudiation when it was perceived that defendant claimed more, if there was accord, satisfaction and settlement, it was effected when the plaintiffs did not so intend, and did not know that they were making a settlement in full of fees for services in the divorce suit.

Under *Perin v. Cathcart*, 115 Iowa 553, it was at least a jury question whether there had been an accord and satisfaction. Under *Cartan v. Tackaberry Co.*, 139 Iowa 586, it was at least a jury question whether more was done than to retain what was due in any event, with an insistence that the balance be paid—which, if found by the jury, would work that no accord and satisfaction had been established. According to *Jones v. Fennimore*, 1 G. Greene 134, the satisfaction must have been full and complete, and it must be

shown that there was an acceptance in full payment of the demand. There was at least a jury question whether so much was proved. In *Van Dyke v. Wilder*, (Vt.) 29 Atl. 1016, defendant mailed plaintiffs a check for a less amount than he claimed, and in the letter said that "we claim this to be in full settlement of account, but admit that you do not allow the claim." Plaintiffs retained the check and gave defendant credit for the amount, and it was held that the retention of the check did not operate as an accord and satisfaction. Within the rules above announced, it was at least a jury question whether there had been an accord and satisfaction. Accord and satisfaction and settlement involve an aspect of the essentials of a contract and of the law of estoppel; in other words, there is no settlement and no accord and satisfaction unless both parties act knowingly with intent to effect the accord. We are not called upon to say whether, as matter of law, it appears that plaintiffs had no such knowledge and intention. It suffices that we are satisfied that, upon the record and on authority, it was at least a question for the jury whether they had, and, therefore, whether the claimed accord, satisfaction and settlement were effected. Since that was a jury question, the court did not err in refusing to hold that the accord was established as matter of law.

III. The remaining complaint is that

5. APPEAL AND ERROR : assignment of errors : rules.

the court misdirected the jury, by stating, in effect, that the contract made for services in the case of Hattie B'. McCrum against this defendant did not include the services in the divorce suit of this defendant against Hattie B., for which the present action is brought. It is doubtful whether appellant is entitled to be heard on this. It is raised by assignments of error, and such an assignment has no longer any standing in the law. Since the statute requiring same has been repealed, it cannot well be the equivalent of the errors relied

on for reversal which Rule 53 requires. Passing that, the rule requires that, following the errors relied on for reversal:

"The brief shall contain, under a separate heading of each error relied on, separately numbered propositions or points, stated concisely and without argument or elaboration, together with the authorities relied on in support of them. * * * No alleged error or point not contained in this statement of points shall be raised afterwards."

True, appellant has what he denominates a "brief of law." Assume this is a sufficient compliance with the re quirement of the numbered propositions or points with authorities relied on in support of them, yet the only propositions made deal with accord and satisfaction. But as these rules are made merely to save us labor, we are authorized to waive the requirement, and have concluded to do so in this case.

6. ATTORNEY AND CLIENT: compensation: *quantum meruit* or contract: evidence.

Waiving, then, that presentation here is not in accordance with rule, exceptions to the refusal to give instructions, and to instructions given, fairly claim plaintiffs should have no recovery because the services they claim for were rendered under a contract made in the case of Hattie B. McCrum against this defendant, and because the contract price has been paid. The attitude of the court on this question is made plain in Instruction 7, in which it is charged that there was no contract with reference to the amount Gill should receive for his services in the divorce suit, and that, therefore, he is entitled to such recovery on *quantum meruit* for the services in that suit as the evidence justifies. If it may be said as matter of law that the contract in the Hattie B. McCrum case does not cover the services sued for, there was no error. If that be not so, there was. It is conceded that defendant had the burden of proving that the services sued for were cov-

ered by the said contract. Therefore, he had the burden of
proving his allegation that, before Gill came to Cherokee
on the day on which the divorce suit was tried, he had
agreed in writing to come and look after the business of
the defendant for the consideration of $50 a day and ex-
penses; that the services rendered in the divorce suit were
included in that contract, and that payment required by
the contract discharged liability for the fees sued for.
Was there such evidence to support this claim as that it
should have been sent to the jury? It is all found in the
testimony of the defendant himself. That testimony is this:

There was no divorce case pending when Gill came to
Cherokee, and defendant did not know there would be one.
"That was conceived and brought into being after he came
down. I didn't know anything about it; I don't know as
I knew it before late that day; don't know as I really
wanted one; was not caring much one way or the other.
I knew the divorce was to be commenced just before they
commenced it. I saw the petition before it was filed. Mr.
Gill came down here for $50 a day and expenses in a suit
entitled Hattie B. McCrum v. W. J. McCrum. He came
down with reference to that suit to settle that up, came
to try that case and settle it, to help try it and settle it. In
addition to disposing of that case, we finished the divorce
case and got the divorce, I think about eight o'clock. It
only took about 15 minutes, as I remember. There was a
stipulation in regard to the alimony. There was a petition
in which I asked for a divorce. This was not a separate and
distinct matter from what Mr. Gill came down here for
that day. It originated from the other, and was a settle-
ment of the other. It couldn't be settled any other way,
and Mr. Gill knows it. In the evening after the trial of
the divorce case, I told Mr. Gill our agreement was $50 a
day; he said he wanted $100 more for the divorce. In
answer, I told him I had hired him for $50 a day, and I

didn't owe him the $100. After we had the trial, in the evening, Mr. Gill figured up and included $100 extra for the divorce, and asked me if I couldn't pay it, and I told him 'No;' that he had $100 too much included; that our agreement was $50 for that day, and that I had his other statement; but I couldn't pay that evening, I didn't have the money, and that I would send him the amount in something like three or four weeks. He says, 'If you can send it that. soon, it will be all right, I will wait on you that long.' "

It appears without dispute that the contract upon which the defendant relies was made before the divorce suit "was conceived and brought into being." Consequently, the original agreement could not contemplate the services in the divorce suit. Even if the suit which the agreement covered suggested, after the agreement was made, that a divorce suit would be useful, and that trying it might obviate further attention to the first suit, that does not make the contract cover the services rendered in the divorce suit, *simpliciter.* The conclusion of the defendant that the services rendered in the last suit were not "a separate and distinct matter," and that the last originated from the first and was a settlement of the first, and that the first could be settled in no other way, does not change the stubborn facts which defendant admits. Now, though the contract originally made did not cover the services sued for, defendant was entitled to have his defense submitted to the jury, if the original contract was modified so as to include the services sued for. We will assume, for the sake of argument, that there was consideration for such modification, but we fail to find any evidence that the modification was made. The most the testimony comes to is that defendant claimed that, under the contract, no charge should be made for the services in the divorce suit; that he then asked for time to pay what was the amount specified in the original agree-

ment, and some other indebtedness, and stated that he would send that amount in something like three or four weeks, and that Gill replied that, if he could send this as soon as that, it would be all right, and he would "wait on" defendant that long.

We agree with the trial court that there was no evidence upon which a jury was authorized to find that the services sued for were rendered upon contract, as defendant claims. That being so, the court was warranted in charging the jury that the services sued for were not covered by contract, and that recovery thereon should be had upon *quantum meruit*.

We find no error, and the judgment below is—*Affirmed*.

Gaynor, C. J., Ladd and Evans, JJ., concur.