PERRY FRY COMPANY, Appellant, v. JOHN H. GOULD, Appellee.

No. 41302.

MARCH 15, 1932.

REHEARING DENIED JUNE 24, 1932.

984

Maxwell & Ryan, for appellant.

A. D. Pugh, for appellee.

WAGNER, C. J.—On February 6th, 1925, a partnership composed of W. S. Carver and the defendant, John H. Gould, was the owner of certain real estate situated in Trail County, North Dakota. On that date, H. J. Maxfield was the record owner of approximately 2400 acres of land in Buffalo County, Wisconsin. The North Dakota land was encumbered by mortgage indebtedness in the sum of $13,900.00 and the Wisconsin land by mortgage indebtedness in the sum of $23,000.00, consisting of six separate first mortgages upon different tracts thereof. On the aforesaid date, a contract was entered into between the aforesaid parties for the exchange by Carver & Gould of the North Dakota land with Maxfield for the Wisconsin real estate. A deed was executed by Maxfield to Carver & Gould for the Wisconsin real estate, referring to the mortgages thereon, and containing an assumption clause and an agreement by the grantees to pay the same. The amount remaining due upon one of these separate mortgage notes is what is involved in the Wisconsin judgment, upon which this suit is brought. Said note and mortgage were executed on June 1, 1923, by one Calvin to E. P. Keenan and J. W. Clarey, and the plaintiff in this action became the owner and holder of the note by endorsement, and of the mortgage by assignment. This mortgage indebtedness, as hereinbefore stated, was assumed by the grantees under the provisions to that effect in the deed executed by Maxfield.

Action was brought in the proper court in Wisconsin, asking judgment upon the note and foreclosure of the mortgage. The defendant Gould personally appeared in the action in the Wisconsin court and filed an answer, in which he alleged that

the assumption clause was inserted in the deed contrary to the provisions of the agreement of exchange, and through a mistake of the scrivener who drew the deed; that he never agreed with anyone to assume and pay said mortgage indebtedness ($23,000) or any part thereof, and asked that the plaintiff's petition be dismissed as to him. On the issues joined, the Wisconsin court found against the defendant as follows:

"That the defendant John H. Gould has ratified the aforesaid assumption clause in said deed, and that he is estopped from questioning his liability under such assumption clause, and that plaintiff is entitled to judgment of foreclosure and sale herein as prayed for, and that in case of deficiency upon such sale, judgment for such deficiency may be entered in the usual and regular course against said defendant Gould."

The result of the Wisconsin suit was that, in June, 1930, a judgment was entered against the defendant Gould in the sum of $7425.34. No appeal was taken from the Wisconsin judgment.

As hereinbefore stated, the instant suit is upon the Wisconsin judgment. The defendant Gould appeared in the instant suit and pleaded as a counterclaim, in substance, that, on or about June 1, 1923, E. P. Keenan and J. W. Clarey, partners under the firm name and style of Keenan & Clarey, were engaged in the real estate and loan business in Minneapolis, Minnesota, and held the title to the Wisconsin real estate; that they, and officers of the plaintiff-corporation, and other parties constituting assignees of Keenan & Clarey and assignors of the plaintiff-corporation, entered into a fraudulent scheme to defraud the public generally and the defendant in particular; that the method employed in the perpetration of said fraud was the conveyance of the Wisconsin land by Keenan & Clarey to one or more stool pigeons, who executed notes secured by mortgages thereon to Keenan & Clarey; that said Keenan & Clarey would then transfer the notes to another confederate in the fraud; that the note and mortgage in suit were executed by Arthur M. Calvin to Keenan & Clarey, which note, by endorsement, came into the hands of the plaintiff-corporation, and the latter became the owner of the mortgage by assignment; that in February, 1925, Keenan & Clarey were the holders or guarantors of mortgage

986

indebtedness against the Wisconsin real estate in the sum of $23,000.00; that Keenan and Clarey proposed to trade the equity in the Wisconsin real estate for the equity in the aforesaid North Dakota real estate, the former being subject to $23,000.00 encumbrance and the latter to $13,900.00 encumbrance; that Keenan and Clarey, assuming to act as the agent of the defendant, without his knowledge or consent, prepared and had executed by Maxfield and wife a deed to the Wisconsin land, which recited therein that Carver & Gould assumed and agreed to pay the $23,000.00 encumbrance on the Wisconsin land, thereby betraying and defrauding defendant into assuming, or appearing to assume, said $23,000.00 encumbrance upon the Wisconsin land; that by reason of said assumption clause in the deed thus fraudulently obtained, the defendant has been ·damaged by the amount of said encumbrance, as increased by interest and costs, in the sum of $33,000.00. He further alleges in his counterclaim or set-off false and fraudulent representations by E. P. Keenan, of the firm of Keenan & Clarey, as to the condition of the Wisconsin land as an inducement for the contract, and that he was induced thereby to enter into the exchange whereby he has been defrauded by Keenan and his associates into an apparent and seeming assumption of said encumbrance on the Wisconsin land, subjecting him to liability for judgments thereon, amounting to $33,000.00, including interest and costs; that the cause of action set forth in the counterclaim or set-off arose out of the transaction set forth in plaintiff's petition and is connected with the subject of plaintiff's action; that because of the false and fraudulent representations by Keenan, which he believed and upon which he relied, he was induced to enter into the exchange contract for the North Dakota land and the Wisconsin land, and was defrauded by said Keenan and his associates into an apparent and seeming assumption of said encumbrance on the Wisconsin land, subjecting him to a liability in the amount of $33,000.00, including interest and costs; that, because of said representations, he, in trying to make said land suitable, productive and usable, expended about $10,000.00 more, and that he has been damaged in the total sum of $44,000.00, which he pleads as a set-off against plaintiff's claim on the judgment.

The plaintiff in its reply pleads, in substance, that the matters set up in defendant's counterclaim or set-off inhered in the

original cause of action in Wisconsin, and that the Wisconsin court found against the defendant and in favor of the plaintiff, and that, because of the Wisconsin judgment, the defendant is estopped from urging the matters alleged in his counterclaim or set-off; that the defendant is individually liable upon said judgment; that, if there is a claim for damages, the same is not the property of the defendant, John H. Gould, but is either the property of the partnership composed of W. S. Carver and John H. Gould, or of the trustees for said partnership, to wit, Paul Hewitt and Chas. L. Snyder; and that the defense alleged in the counterclaim, or set-off was barred by the Statute of Limitations at the time this action was brought.

The pleadings of the respective parties constitute seventy-three pages of the abstract, but we deem the foregoing the meat thereof and a sufficient statement upon which to base our conclusion.

At the close of all the evidence, the plaintiff moved for a directed verdict on various grounds, among which are that there is no competent evidence upon which the jury could find for the defendant and against the plaintiff; that if the jury should return a verdict for the defendant, it would be the duty of the court, under the issues and evidence presented, to set the same aside; that the plaintiff's action is based upon its judgment rendered by a court in Wisconsin having full jurisdiction of the subject matter and of the person of the defendant; and that said judgment is entitled to full faith and credit under the Constitution of the United States, and that the matters alleged in the counterclaim or set-off could not constitute a defense to plaintiff's action upon the judgment.

The court instructed the jury that the judgment sued upon is a valid and legal judgment, and that the plaintiff is entitled to enforce said judgment against the defendant, unless he has established, by a preponderance of the evidence, that he has a legal defense or set-off against the same as alleged by him.

■ ■ A careful examination of defendant's counterclaim or set-off discloses that the damage therein asserted by him arises because of the assumption clause in the deed and his seeming or apparent liability thereunder, and because of money expended by him in an endeavor to make the Wisconsin land "suitable, productive and usable." There is no evidence in the

record from which the jury could find any conspiracy as among the plaintiff and its assignors. Any amount expended by the defendant to make the Wisconsin farm "suitable, productive and usable" could not be recovered in an independent action based upon fraudulent representations as to the condition of the farm, and therefore cannot be used as a set-off. The measure of damages recoverable for false and fraudulent representations as to the condition of a farm is the difference between its fair and reasonable market value at the time in question, as it actually is, and what would have been said value at said time, in the condition as represented. See Aldrich v. Worley, 200 Iowa 1009; Stoke v. Converse, 153 Iowa 274. There is no evidence in the record as to the fair and reasonable market value of the Wisconsin farm at the time in question, to wit, February, 1925, nor what it would have been if as represented. For this reason alone, regardless of other matters urged as error relative to the submission of the alleged false and fraudulent representations as to the condition of the farm, the court should not have submitted to the jury the alleged false and fraudulent representations as to the condition of the farm as a basis for set-off against the judgment of the plaintiff. This matter was called to the attention of the court by timely objections and exceptions.

■ This leaves for consideration the remaining matters alleged in defendant's counterclaim or set-off. *It will be observed that said matters relate only to the validity of the assumption clause in the deed, and defendant's seeming or apparent liability thereunder for the mortgage encumbrance upon the Wisconsin land.* In other words, it is defendant's claim as to damage in the amount of $33,000.00 that because of the alleged fraudulent manipulations of plaintiff and its assignors, he apparently became liable for the mortgage encumbrance under the assumption clause in the deed. If defendant was liable at all for the claim now merged in the judgment upon which the instant suit is brought, it is only because of liability under the assumption clause in the deed. Action was brought in a proper court in Wisconsin, one having jurisdiction of the subject matter, in which personal judgment was asked against the defendant by reason of said assumption clause. The defendant personally appeared in said action and made defense. The Wisconsin court had jurisdiction of both the subject matter and of the person

of the defendant. In his answer to the petition filed in the Wisconsin court, he alleged that the assumption clause was inserted in the deed contrary to the provisions of the agreement of exchange, and through mistake of the scrivener who drew the deed, and that he never agreed with anyone to assume and pay said mortgage indebtedness ($23,000.00) or any part thereof, and asked that plaintiff's petition be dismissed as to him. The Wisconsin court found against the defendant and that he was personally liable under the assumption clause in the deed. It will be noted that his claim in the Wisconsin court was that he was not liable under said clause; he asserts practically the same claim in the instant action. While in the Wisconsin court he based his claim upon mistake, he now bases his claim under a little different cloak and calls it fraud.

It is the appellant's contention in this action that any counterclaim or set-off which the defendant may have as against the plaintiff or its assignors, by reason of the pleaded fraud therein, *as affecting the validity of the assumption clause and his liability thereunder,* inhered in the original cause of action in which the Wisconsin judgment was rendered and cannot be used as against the judgment. In an action on a judgment, defendant, in the absence of any plea of fraud in the procurement of the judgment, may not plead as a set-off or counterclaim the invalidity of the original obligation upon which the judgment was rendered. See Ashby v. Manley, 191 Iowa 113, and cases therein cited; Oswalt v. Cronk, 195 Iowa 230. There is no contention in the instant case that the Wisconsin judgment was procured by fraud. A judgment is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might or could have been offered for that purpose. In addition to the aforesaid authorities, see King City v. Southern Surety Company, 212 Iowa 1230; Cromwell v. County of Sac (U. S.), 24 L. Ed. 195. In Cromwell v. County of Sac (U. S.), 24 L. Ed. 195, reading at page 197, the Supreme Court of the United States declared:

"It (the judgment) is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received

to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Thus, for example, a judgment rendered upon a promissory note is conclusive *as to the validity of the instrument and the amount due upon it,* although it be subsequently alleged that perfect defenses actually existed, of which no proof was offered, * * * If such defenses were not presented in the action, and established by competent evidence, the subsequent allegation of their existence is of no legal consequence. The judgment is as conclusive, so far as future proceedings at law are concerned, as though the defenses never existed. The language, therefore, which is so often used, that a judgment estops not only as to every ground of recovery or defense actually presented in the action, but also as to every ground which might have been presented, is strictly accurate, *when applied to the demand or claim in controversy. Such demand or claim, having passed into judgment, cannot again be brought into litigation between the parties in proceedings at law, upon any ground whatever."* (Writer's italics.)

The matter in controversy in the suit in Wisconsin was as to whether defendant was liable under the assumption clause in the deed. In Ashby v. Manley, 191 Iowa 113, an action was brought upon a foreign judgment which was obtained upon a note. In the third count of the answer, the defendant pleaded a counterclaim or set-off based upon the alleged fraud of appellee in connection with the transaction out of which the note in question originated, whereby it was claimed by the defendant that he was defrauded in the amount of his liability upon the note. In holding that this pleaded counterclaim or set-off constituted no defense to the judgment, we said:

"This count of the answer is the pleading of a counterclaim for fraud in the inception and procurement of the note sued upon. * * * If the judgment is valid and binding on the appellant, he cannot now plead, as a set-off or counterclaim to such judgment, *the invalidity of the original obligation upon which the judgment was procured.* (Writer's italics.) We have held that, in a suit on a judgment, the defendant cannot be allowed to attack the judgment on account of a defense to the cause of action which might be interposed in the action on which the judgment has been recovered, where there is no allegation or

proof of fraud in the procurement of the judgment." (Citing numerous cases.)

We likewise held to the same effect in the more recent case of Oswalt v. Cronk, 195 Iowa 230.

In the Ashby case, defendant's liability was on a note. In the instant case, defendant's liability arises under the assumption agreement. The Wisconsin court held as against the defendant that he was obligated to pay the encumbrance against the Wisconsin land because of his assumption agreement. The so-called counterclaim or set-off in the instant action for the $33,000.00, the amount of defendant's liability upon the notes, is not an independent cause of action held by the defendant which he can assert as against the plaintiff and its assignors, but is wholly defensive in character, and strikes at the validity of the assumption agreement under which his obligation to pay the mortgage indebtedness arises. Under the well recognized rules enunciated in the authorities hereinbefore cited, the Wisconsin judgment is a finality as against the pleaded fraud asserted against the validity of said agreement. The court was in error in not sustaining plaintiff's motion for a directed verdict.

The appellee, in his contention that his counterclaim or set-off can be asserted as against the judgment, relies upon Fairfield v. McNany, 37 Iowa 75; Ferguson v. Epperly, 127 Iowa 214; Jones v. Witousek, 114 Iowa 14; Conly v. Scanlin (Iowa), 109 N. W. 300 (not officially reported); Folsom v. Winch, 63 Iowa 477; Price v. Macomber, 163 Iowa 406; Secor v. Siver, 165 Iowa 673. The said cases are clearly distinguishable from the instant case. In each of said cases the matters pleaded as a counterclaim or set-off did not attack or strike at the validity of the original obligation upon which the judgment was procured, but were independent causes of action held by the defendant against the plaintiff. In such case, the defendant may or may not, at his will, assert the same in the original action, or in a separate action against the plaintiff, or in a counterclaim or set-off against an action on the judgment. But such cases have no bearing whatever upon the claim for damage in the amount of $33,000.00, which is pleaded in the instant suit.

It is quite apparent that, for the foregoing reasons, the court should have sustained appellant's motion for a directed

verdict. Many other matters are urged for reversal, but it is unnecessary for us to consider the same.

The appellee contends that there is no legal abstract of the record presented on which to base any errors relied upon for reversal. In this he is in error. He raises objection that, in the certificate, the appellant certifies that the abstract contains all the *testimony* introduced and offered, but fails to state that it contains all the *evidence* introduced and offered. It is sufficient to say, in response to this contention, that "abstracts shall be presumed to contain the record, unless denied or corrected by subsequent abstracts." See Section 12845-b1, Code 1931; Shull, Gill, Sammis & Stilwill v. McCrum, 179 Iowa 1232; Campfield v. Rutt, 211 Iowa 1077. No affirmative statement that the abstract contains all of the evidence, or certificate to that effect, is required. See Shull, Gill, Sammis & Stilwill v. McCrum, 179 Iowa 1232. The appellee has not filed any denial of the abstract or additional abstract, as was his right. Before time for appellee's argument, appellant also filed an amendment to its abstract. This was its right and privilege. See Groneweg & Schoentgen v. Kusworm, 75 Iowa 237. Neither is this amendment denied by the appellee. There is no merit in appellee's technical objection.

The appellee also contends that "the errors relied upon for reversal" do not comply with Rule 30 of this court. It is sufficient to say that there is substantial compliance therewith, and that the errors material in the consideration and determination of the case are sufficiently pointed out.

Appellee's motion to strike appellant's reply brief and argument which was submitted with the case is overruled.

The judgment of the trial court must be, and the same is hereby, reversed.—Reversed.

EVANS, STEVENS, FAVILLE, ALBERT, MORLING, KINDIG, and GRIMM, JJ., concur.