PERRY-FRY COMPANY, Appellee, v. JOHN H. GOULD, Appellant.

No. 42058.

NOVEMBER 21, 1933.

Stewart & Reno, for appellant.

Maxwell & Ryan, for appellee.

KINDIG. J.— In June, 1930, the plaintiff-appellee, Perry-Fry Company, a corporation, obtained a judgment in Wisconsin against the defendant-appellant, John H. Gould, for the sum of $7,425.34. The judgment grew out of a transaction through which the appellant obtained from the appellee, for a valuable consideration, a certain farm in Wisconsin. A suit was later commenced by the appellee in the Polk county, Iowa, district court to recover in Iowa on that judgment against the appellant.

When answering to the petition in that suit, the appellant pleaded a counterclaim. This counterclaim, generally speaking, was in two parts: First, damages for money expended in making the Wisconsin farm "suitable, productive, and usable"; and, second, damages for the loss incurred in assuming a prior mortgage on the Wisconsin land. These damages arose, the appellant declared in his answer, because of the appellee's fraud.

As the result of the trial in the Polk county district court, judgment was entered in favor of the appellant. An appeal was taken from that judgment to the Supreme Court by the appellee. The Supreme Court reversed the judgment of the Polk County district court. Perry Fry Company v. Gould, 214 Iowa 983, 241 N. W. 666.

Again speaking generally, there were two reasons given by this court as to why there should be a reversal. Those reasons were: First, that the appellant did not properly prove his damages relating to the moneys expended in making the Wisconsin farm "suitable, productive, and usable"; and, second, that the appellant's claim, based on the fact that he was wrongfully required to assume a mortgage on the Wisconsin farm, could not properly be set forth as a counterclaim, because whatever cause of action may have existed previously thereon was adjudicated in the Wisconsin suit before mentioned. So, when procedendo issued after the reversal in this court, the appellant's answer remained with the counterclaim for moneys expended in making the Wisconsin farm suitable, produc-

tive, and usable. Although this court, in reversing the case, suggested that the appellee was entitled to a directed verdict at the original trial on that part of the counterclaim relating to moneys expended in making the Wisconsin farm suitable, productive, and usable, yet that statement was interposed obviously because the appellant did not furnish the proper proof. Therefore, with the answer containing the counterclaim relating to the moneys expended in making the Wisconsin farm suitable, productive, and usable, the appellant was not in default after the procedendo. Section 11587 of the 1931 Code. As the pleadings stood after the procedendo, there was a burden upon the appellee to prove the allegations of its petition, and, moreover, the appellant's answer containing the counterclaim was in the nature of a defense. Bean v. Bickley, 187 Iowa 689, local citation 717, 174 N. W. 675; Southern Surety Company v. Globe National Fire Insurance Co., 210 Iowa 359, local citation 367, 228 N. W. 56.

If the appellee owes the appellant under the counterclaim, then, when the claims are balanced, the appellant would not owe the appellee on the principal suit. Nevertheless, after the procedendo was issued, the appellee, on July 13, 1932, filed in the Polk county district court what in effect was a motion for judgment on the pleadings. An objection to such judgment was presented by the appellant on July 28, 1932. Immediately thereafter, the district court of Polk county, on the same day, entered judgment on the pleadings against the appellant for approximately $8,000 on the foreign judgment. No evidence whatever was taken. To that judgment the appellant excepted. (We do not intend to insinuate that an exception was necessary. See section 10949 of the 1931 Code.)

Later, but in due time, the appellant appealed from the judgment thus entered. In Iowa, motions for judgment on the pleading are not allowed. We do not permit a demurrer to the issues. Fairmont Creamery Company v. Darger, 178 Iowa 732, 160 N. W. 239. See, also, Frazier v. Wood, 215 Iowa 1202, 247 N. W. 618. After the procedendo issued on the original suit, the cause stood for trial in the district court on the issues raised by the pleadings.

"A general order of reversal in a law action tried in the lower court to a jury has the effect of sending the cause back to the lower court for full retrial on the former issues, even though the opinion

on reversal is based upon the insufficiency of the evidence for plaintiff." Owens v. Norwood-White Coal Company, 181 Iowa 948, 165 N. W. 177.

To the same effect see, also, Landis v. Interurban R. Co., 173 Iowa 466, 154 N. W. 607; Sanders v. Sutlive Bros. & Co., 175 Iowa 582, 154 N. W. 610. For a case setting forth the rule in equity suits, see Ronna v. American State Bank of Walnut, 215 Iowa 806, 246 N. W. 798.

Because the district court failed to follow this rule of law, the appellant's assignment of error based thereon is sustained. It is said by the appellee, for a purpose not entirely clear, that the trial court, after the motion for a judgment on the pleadings was first made, first sustained the same, then entered judgment thereon, and thereafter, but on the same day, set aside the ruling on the motion. Then later, on September 30, 1932, after the judgment was entered, the district court purported to again sustain the motion. Whatever effect the late sustaining of the motion might have under other circumstances, we need not now decide. Manifestly, the district court entered judgment in response to the motion. This clearly appears from the record. The motion later sustained was the original motion for judgment, but, as before explained, judgment already had been entered in conformity therewith. When the motion was later sustained, it appears from the record that the district court was merely laying the foundation for the judgment already entered, as distinguished from the foundation for a future judgment. Having acted on the motion when entering the judgment, the later additional sustaining thereof became a mere surplusage.

In accordance with the foregoing discussion, the judgment of the district court is reversed.—Reversed.

ALBERT, C. J., and EVANS, CLAUSSEN, and DONEGAN, JJ., concur.